UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/16/23

BRYAN VELAZQUEZ, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

NEXTPHASE, INC.,
D/B/A ONE SMALL CHILD,

Defendant.

No. 22 Civ 07967 (CM)

# DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

McMahon, J.:

Plaintiff Bryan Velazquez ("Plaintiff") is a legally blind person who brings this action on behalf of himself and others similarly situated against Defendant Nextphase, Inc., D/B/A One Small Child ("Defendant"). He alleges that Defendant failed to make its website fully accessible to blind and visually-impaired individuals, in violation of the Americans with Disabilities Act ("ADA") and the New York City Human Rights Law ("NYCHRL").

Defendant has filed a motion to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

For the following reasons, Defendant's motion to dismiss is GRANTED.

## BACKGROUND

### I. Parties

Plaintiff is a resident of New York County, New York. First Amended Complaint ("FAC") ¶ 11. He is a blind, visually-impaired, handicapped person and a member of a protected class of individuals under the ADA. *Id.* ¶ 12.

Defendant is an online retail company that owns and operates a website ("the Website") offering products and services for online sale and general delivery to the public. *Id.* ¶¶ 21, 22.

### II. Factual Background

Plaintiff alleges that he uses screen-reading technology to access websites on the Internet. FAC ¶ 23. He asserts that "[u]nless websites are designed to be read by screen-reading software, blind and visually-impaired persons are unable to fully access websites and the information, products, goods and services contained thereon." *Id.* ¶ 16.

Plaintiff alleges that on July 27, 2022 and August 4, 2022 he visited the Website and attempted to browse and purchase a 5-piece formal boy's suit for his friend's son. *Id.* ¶¶ 24, 26, 27. However, Plaintiff alleges that he was deterred from doing so "due to the website's lack of a variety of features and accommodations." *Id.* ¶ 30. Specifically, Plaintiff alleges that he encountered the following issues: (i) an interactive element on the sales page for the suit was written incorrectly in a manner which caused the screen reader to provide ambiguous product information; (ii) a search box on the website's main page did not provide textual status updates during a search which prevented the screen reader from alerting Plaintiff when a search had been completed; (iii) contact information on the "contact us" page was unreadable to screen readers which prevented Plaintiff from contacting customer support to inquire about the product or purchasing procedure. *Id.* ¶¶ 27-29. Plaintiff also alleges he encountered a number of "overall accessibility issues" which he lists in the FAC. *Id.* ¶ 31.

Plaintiff also alleges that he "intends to visit the Website in the near future if it is made accessible." *Id.* ¶ 33.

### III. Procedural Posture

Plaintiff initiated this action by filing a complaint on September 18, 2022. *See* Dkt. No. 1. Plaintiff filed the FAC on February 9, 2023. *See* Dkt. No. 17. The FAC asserts causes of action for violations of Title III of the ADA (Count I) and the NYCHRL (Count II) based on disability discrimination and failure to accommodate. Count III seeks declaratory relief with respect to the ADA and NYCHRL violations alleged in Counts I and II.

Plaintiff seeks a preliminary and permanent injunction requiring the defendants to make their website fully compliant with the requirements set forth in the ADA and NYCHRL. Plaintiff also seeks declaratory relief, compensatory damages, civil penalties and fines, punitive damages, and attorneys' fees and costs.

Defendant moved to dismiss the FAC pursuant to 12(b)(1) and 12(b)(6) on March 9, 2023. *See* Dkt. No. 22. Defendant asserts that Plaintiff lacks standing to bring his claim and that Defendant's website is not a "place of public accommodation" under Title III of the ADA or the NYCHRL. Defendant also asserts that Plaintiff is not entitled to recover civil penalties and fines or punitive damages under the NYCHRL. Finally, Defendant asserts that Plaintiff's claim for declaratory judgement should be dismissed as wholly redundant of the first two claims.

Plaintiff does not assert sufficient facts to plausibly support his allegation that he intends to return to Defendant's website. Therefore, his claims are dismissed for lack of standing.

### LEGAL STANDARD

"Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district

court lacks the statutory or constitutional power to adjudicate it." *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008) (internal citations and quotation marks omitted). To survive a motion to dismiss pursuant to Rule 12(b)(1), Plaintiffs must carry their burden to prove that it exists. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Unlike other factual allegations, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003).

"The irreducible constitutional minimum" necessary to establish subject matter jurisdiction is standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130 (1992). A plaintiff must satisfy three requirements to establish standing under Article III:

First, "plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Second, a plaintiff must show a "causal connection between the injury and the conduct complained of." Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.*

## DISCUSSION

Defendant argues Plaintiff does not have standing to bring his claim because he has failed to allege an injury-in-fact or a likelihood of future harm. *See* Dkt. No. 22 at 1.

In the ADA context, the so-called *Kreisler* factors are used to determine whether standing exists: "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [defendant's business] to plaintiff's home, that plaintiff intended to return to the subject location. *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013). In the context of websites, "the third requirement can be met by non-

conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website." *Loadholt v. Dungarees, Inc.*, No. 22-CV-4699 (VEC), 2023 WL 2024792, at *2 (S.D.N.Y. Feb. 15, 2023) (citing *Harty*, 28 F.4th at 443).

Defendant first asserts that Plaintiff's alleged past injury was not sufficiently particularized to confer standing because the alleged injury was to a third party (the intended recipient of the suit) and did not personally harm Plaintiff. Dkt. No. 22 at 8. Defendant claims that "all we have here is an unnamed young man without a gifted suit." *Id.* However, Defendant mischaracterizes the alleged injury. Plaintiff alleged that he was "denied a shopping experience similar to that of a sighted individual due to the website's lack of a variety of features and accommodation." FAC ¶ 8. Plaintiff's alleged intent to purchase a suit as a gift does not prevent him from having suffered injury in the form of discriminatory treatment. Defendant cites cases which stand for the principle that plaintiffs generally may not assert the rights of third parties, but that principle does not support Defendant's contention that Plaintiff has not been injured personally and that the intended recipient of the suit is the only party that has suffered. *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 263, (1977); *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Discriminatory treatment can injure visually-impaired online shoppers regardless of whether they are searching for products for their own use or to give as a gift.

Defendant next asserts that Plaintiff has not pleaded facts sufficient to establish a past injury because his allegations are conclusory and lack sufficient detail to establish standing. Dkt. No. 22 at 9. Defendant cites the Second Circuit's recent decision in *Calcano v. Swarovski N. Am.*

*Ltd.* 36 F.4th 68, 74 (2d Cir. 2022) for the proposition that Plaintiff's assertions are vague and conclusory and therefore cannot support the finding of a redressable injury in fact.

*Calcano* "raised the bar appreciably for adequately pleading standing to seek injunctive relief in ADA cases." *Hennessy by & through Hennessy v. Poetica Coffee Inc.*, 2022 WL 4095557, at *4 (E.D.N.Y. Sept. 7, 2022) (collecting cases).

In *Calcano*, the Second Circuit held that, "Plaintiffs' conclusory invocations of the factors we found relevant in *Kreisler* are insufficient to establish standing." 36 F.4th at 75. In that case, four visually impaired plaintiffs alleged that various retailers violated the ADA by failing to offer gift cards containing braille. *Id.* at 72. The court held that the plaintiffs' identical and conclusory allegations that each of them resided "in close proximity to Defendants' businesses, has been a customer at Defendant's [location] on prior occasions, and intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind" simply parroted the court's language in *Kreisler* and were "merely legal conclusions couched as . . . factual allegations." *Calcano*, 36 F.4th at 76 (internal quotations omitted). The court found that the plaintiffs' "vague assertions that they have been customers at Defendants' businesses on prior occasions," did not "nudge their claims "across the line from conceivable to plausible." *Id.* The court also found that the plaintiffs' "assertions of proximity and prior visits" were "vague, lacking in support, and [did] not plausibly establish that Plaintiffs 'intended to return to the subject location.'" *Id.* (quoting *Kreisler*, 731 F.3d at 188).

Plaintiff claims that he suffered an injury when he visited Defendant's website on two separate occasions and was deterred by various aspects of the website from purchasing a five-piece formal boy's suit. FAC ¶¶ 26, 30. Plaintiff describes in detail the nature of the accessibility barriers that he allegedly faced while visiting the Website: in addition to other accessibility barriers, he

alleges his screen reader provided ambiguous information about the size of the suit due to an improperly coded interactive element, could not inform Plaintiff when search results were displayed, and could not provide Plaintiff with customer service contact information. Courts in this Circuit have found that similar facts are sufficiently detailed and specific to find an injury in fact. For example, in *Quezada v. U.S. Wings, Inc.*, No. 20 CIV. 10707 (ER), 2021 WL 5827437, at *4 (S.D.N.Y. Dec. 7, 2021), the Court found an injury when a legally blind plaintiff seeking to purchase jackets and leather vests was "unable to determine information about defendant's products such as which sizes were available [and] was not able to purchase items" on the defendant's website because it was not designed to be compatible with screen readers. *See also Sanchez v. NutCo, Inc.*, No. 20-CV-10107 (JPO), 2022 WL 846896, at *2 (S.D.N.Y. Mar. 22, 2022) (finding injury where a legally blind plaintiff was prevented from purchasing chocolates on defendant's website by various accessibility barriers, including product details that were indecipherable to his screen reader). The facts pled in the FAC are sufficient to support Plaintiff's contention that he suffered a past injury in fact.

Plaintiff has also satisfied the second *Kreisler* factor by asserting facts sufficient to suggest the alleged discriminatory conduct will continue. Plaintiff alleges that, as of February 9, 2023, the date of filing the FAC, Defendant had failed to remove the access barriers to its website. FAC. ¶ 34. Moreover, as of March 23, 2023, the date of filing Plaintiff's opposition brief to Defendant's motion to dismiss, Plaintiff continues to allege that Defendant's website remains non-compliant. *See* Dkt. No. 24, at 8.

Defendant asserts facts in it moving papers that can be construed to support the contention that the Website's accessibility barriers are not reasonably likely to continue. Dkt. No. 22 at 3, 4. Despite Plaintiff's objections, Defendant correctly argues that that these facts may be considered

by the Court despite their absence from the FAC because, when "resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova,* 201 F.3d at 113. Indeed, "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings. . . ." *LeBlanc v. Cleveland,* 198 F.3d 353, 356 (2d Cir. 1999). We may therefore consider Defendant's factual assertions that the website's "Accessibility Page" includes an "accessibility certification" from AudioEye (an organization which tests websites for conformance with Web Content Accessibility Guidelines), encourages users to contact customer support for assistance or to report accessibility barriers, and provides contact information for the AudioEye help desk. Dkt. No. 22 at 3, 4. Defendant also claims that each page of the Website includes an "interactive accessibility icon in the lower lefthand corner that allows users to adjust settings, review page structure and links, all to render the website more accessible based on their particular needs." Dkt. No. 22 at 4.

Notably, while it has asserted facts which may support a finding that the Website's alleged accessibility barriers are not reasonably likely to persist, Defendant does not directly assert or support the assertion that Plaintiff fails to satisfy the second *Kreisler* factor in the FAC, beyond a brief and wholly conclusory statement that, "Plaintiff cannot satisfy *any* of these three [*Kreisler*] requirements." Dkt. No. 22 at 8. In its reply memorandum, Defendant for the first time argues that, because "One Small Child had already undertaken some effort to optimize the website", it is not "reasonable to infer that discriminatory treatment will continue" in part because "[t]he website's content unequivocally demonstrates that One Small Child was cognizant of ADA accessibility issues before Plaintiff initiated this case." Dkt. No. 27 at 3. By first asserting it in the reply brief,

Defendant has waived this argument and we need not consider it. *See, e.g., United States v. Greer*, 285 F.3d 158, 170 n. 3 (2d Cir.2002); *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir.1999).

Regardless, even if we were to consider Defendant's argument against the likelihood of continued discriminatory treatment, it is insufficiently compelling and detailed to defeat standing. When a defendant asserts that it has voluntarily remedied illegal behavior following the filing of a related compliant, it bears a "formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000). Here, Defendant's concession that it has long been cognizant of the Website's accessibility barriers and that it has merely taken "some effort" to remedy them admits of the conclusion that that the alleged discriminatory conduct is reasonably likely to continue, as it seems to have persisted at least until the date of filing of Defendant's reply memorandum. Dkt. No. 27 at 3.

Finally, Defendant asserts that Plaintiffs' allegation of intent to return to Defendant's website is merely a conclusory repetition of the relevant legal standard, devoid of any plausible factual allegations sufficient to confer standing. Dkt. No. 22 at 9. Specifically, Defendant notes that Plaintiff "simply offered the vague claim that he 'intends to visit the Website in the near future if it is made accessible'" amounting to "little more than a pro forma claim that does not satisfy the standard prescribed by the Second Circuit." *Id.* at 9, 11.

As noted above, the Second Circuit in *Calcano*, held that conclusory allegations that each plaintiff "intends to immediately purchase . . . from the Defendant as soon as the Defendant sells [products] accessible to the blind" was merely a legal conclusion couched as a factual allegation, and so was insufficient to demonstrate intent to return. 36 F.4th at 76. Likewise, in *Harty v. West Point Realty, Inc.*, 28 F.4th 438, 443 (2d Cir. 2023), the Second Circuit determined that mere

assertions of "some day intentions" without concrete detail or factual support are insufficient to plausibly allege intent to return to the subject location.

In this case, Plaintiff merely alleged that he "intends to visit the Website in the near future if it is made accessible." FAC ¶ 33. These are exactly the sort of vague "some day" intentions that *Harty* held do not demonstrate an actual or imminent injury. As in *Calcano*, Plaintiff's assertion that he intends to return to Defendant's website in the near future simply restates the standard in *Kreisler*, and so lacks plausibility. Plaintiff does not include any factual assertions of the kind which have been recognized as plausibly supporting alleged intent to return to a website. For example, Plaintiff does not provide any facts to support his alleged ongoing interest in procuring a formal suit for a young boy or any other children's clothing, which is what Defendant sells on its website. *See Loadholt*, 2023 WL 2024792, at *3. Plaintiff does not identify a particular item sold by Defendant that he wants to purchase. *See Tavarez-Vargas v. Annie's Publ'g, LLC*, No. 21 CIV. 9862 (AT), 2023 WL 2499966, at *3 (S.D.N.Y. Mar. 14, 2023). In fact, Plaintiff does not allege that he intends to purchase any merchandise from Defendant in the future. In *Tavarez v. Moo Organic Chocolates, LLC*, No. 21-CV-9816 (VEC), 2022 WL 17094631, at *4 (S.D.N.Y. Nov. 21, 2022) (which plaintiff erroneously cites for the assertion that his conclusory assertion sufficiently establishes intent to return to the Website), the Court found the plausibility of the plaintiff's return to the defendant's website to be supported by his assertion that he preferred the defendant's chocolates to others similar products because of their uniquely appealing taste, health benefits, and sustainable production. Here, Plaintiff does not explain what it is about Defendant's products that make them particularly desirable, such that he will want to return to the Website.

Because he fails to satisfy the third *Kriesler* factor, Plaintiff has not alleged facts sufficient to establish Article III standing for his ADA claim. Those claims are therefore dismissed, but without prejudice.

Having dismissed the federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiffs' NYCHRL claim. *See* 28 U.S.C. § 1367(c)(1); *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998); *Harty v. Koutsourades*, No. 20-CV-2779 (PMH), 2021 WL 1299495, at *7 (S.D.N.Y. Apr. 7, 2021). It, too, is dismissed without prejudice.

## CONCLUSION

This constitutes the decision and order of the court. It is a written opinion. The Clerk of Court is respectfully directed to terminate the motion at Docket Number 22 and to close this case.

Dated: June 16, 2023
New York, New York

_____
U.S.D.J.

BY ECF TO ALL COUNSEL